**E-FILED**
Monday, 11 December, 2006  10:47:59 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | |
|---|---|
| **EDWARD M. DOUGLAS,**          ) | |
|                                 ) | |
|          **Petitioner,**        ) | |
|     **v.**                      ) | **Case No. 06-CV-2113** |
|                                 ) | |
| **UNITED STATES OF AMERICA,**   ) | |
|                                 ) | |
|          **Respondent.**        ) | |

**OPINION**

On February 27, 2003, following a jury trial, Petitioner, Edward M. Douglas, was found guilty of two counts of distribution of cocaine base ("crack"). On June 6, 2003, a sentencing hearing was held and Defendant was sentenced to a term of life imprisonment in the Federal Bureau of Prisons. Defendant filed a timely Notice of Appeal. On May 25, 2005, the Seventh Circuit affirmed Defendant's conviction. United States v. Douglas, 408 F.3d 922 (7th Cir. 2005).

On June 5, 2006, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. On June 15, 2006, Petitioner filed a pro se Motion Requesting Bail Pending the Resolution of 28 U.S.C. § 2255 Petition (#5). On July 5, 2006, the Government filed its Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#8). On July 6, 2006, the Government filed its Response to Petitioner's Motion for Bond (#9). Petitioner has filed a Reply to both of the Government's Responses (#10, #11).

On December 5, 2006, Magistrate Judge David G. Bernthal received a letter from Petitioner regarding his pending Motion Requesting Bail. Because this matter is pending before this court, Judge Bernthal forwarded the letter here. Petitioner's letter will be made a part of the court file in this case.

This court has now reviewed Petitioner's pro se Motion Requesting Bail (#5), the

Government's Response (#9), and Petitioner's Reply (#11).  Following this careful review, this court

agrees with the Government that the relief Petitioner is seeking is "to be exercised very sparingly."

See Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985).  The Seventh Circuit explained:

> The reasons for this parsimonious exercise of the power should be
>
> obvious.  A defendant whose conviction has been affirmed on appeal
>
> (or who waived his right to appeal, as by pleading guilty, or by
>
> foregoing appeal after being convicted following a trial) is unlikely to
>
> have been convicted unjustly; hence the case for bail pending
>
> resolution of his postconviction proceeding is even weaker than the
>
> case for bail pending appeal.  And the interest in the finality of
>
> criminal proceedings is poorly served by deferring execution of
>
> sentence till long after the defendant has been convicted.

Cherek, 767 F.2d at 337.

Bail pending post-conviction habeas corpus review is therefore available "only when the

petitioner has raised substantial constitutional claims upon which he has a high probability of success,

and also when extraordinary or exceptional circumstances exist which make the grant of bail

necessary to make the habeas remedy effective."  Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir.

1992).  This court agrees with the Government that Petitioner has not met his burden to establish that

he is entitled to the extraordinary relief sought.  This court agrees that Petitioner's Motion to Vacate,

Set Aside or Correct Sentence (#1) does not raise "substantial constitutional claims upon which he

has a high probability of success."  See Landano, 970 F.2d at 1241.  Accordingly, this court concludes

that Petitioner's request must be denied.

IT IS THEREFORE ORDERED THAT:

(1) The clerk is directed to file Petitioner's letter addressed to Judge Bernthal as part of the court file in this case.

(2) Petitioner's pro se Motion Requesting Bail Pending Resolution of 28 U.S.C. § 2255 Petition (#5) is DENIED.

(3) Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255 remains pending and will be decided by this court in due course.

ENTERED this 11th day of December, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE